IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NINA CAROLYN GEATHERS, ) | CIVIL ACTION NO. 9:14-3543-BHH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on June 14, 2011, alleging disability beginning August 1, 2008, due to rheumatoid arthritis and osteoarthritis. (R.pp. 53, 172, 263). Plaintiff's claim was denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held October 3, 2012. (R.pp. 49-88). The ALJ thereafter denied Plaintiff's claims in a decision issued November 19, 2012. (R.pp. 32-43). The Appeals Council granted Plaintiff's request for review[1] of the ALJ's decision (R.pp. 17-20), and

---

[1] Both Plaintiff and the Commissioner state in their briefs that the Appeals Council denied Plaintiff's request for review. However, a plain reading of the Appeals Council's order reflects that Plaintiff's request for review was granted. (R.p. 8).



on May 28, 2014, the Appeals Council issued a decision adopting the ALJ's findings and conclusions as to whether Plaintiff was disabled, and found that Plaintiff was not disabled at any time from October 2, 2010 through the date of the ALJ's decision on November 19, 2012.[2]  (R.pp. 8-13).

Plaintiff then filed this action in United States District Court.  Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision.  Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

---

[2] The Appeals Council noted that Plaintiff had previously filed an application for DIB on May 18, 2010 alleging an onset date of August 1, 2008; that Plaintiff had been found not to be disabled through October 1, 2010; that the issues and facts were the same in the prior determination as they were in the present ALJ decision; and that the doctrine of res judicata therefore applied to the period from August 1, 2008 to October 1, 2010.  (R.pp. 8-10).



Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff was thirty-three years old on the date she alleges she became disabled and thirty-seven years old at the time of the ALJ's decision, has a high school education, and has past relevant work experience as a load builder, packer, laundry sorter, presser, and customer service worker. (R.pp. 41-42, 172, 264). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve (12) months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[3] of rheumatoid arthritis and osteoarthritis of the right knee (R.p. 34), she nevertheless retained the residual functional capacity

---

[3]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).



(RFC) to perform sedentary work[4] with limitations of only occasional use of the right upper extremity for hand pulling and pushing, occasional pushing and pulling with her bilateral lower extremities, occasional climbing of stairs (but should not climb ladders), unlimited balancing, occasional stooping, no kneeling, occasional crouching, no crawling, and frequent gross and fine finger manipulation with her right upper extremity. The ALJ also found that Plaintiff should avoid extreme cold and exposure to hazards and heights, and required the use of an assistive device for ambulation. (R.p. 36). While the ALJ determined that Plaintiff could not perform any of her past relevant work with these limitations, (R.p. 41), after obtaining testimony from a vocational expert (VE) the ALJ concluded that Plaintiff could still perform other jobs existing in significant numbers in the national economy, and was therefore not disabled during the period at issue. (R.pp. 42-43). See also (R.p. 11) [Appeals Council decision].

    Plaintiff asserts that in reaching this decision, the ALJ erred because she employed a backwards rationale in explaining the RFC finding; her credibility analysis was not based on the proper legal framework; the ALJ improperly weighed the opinion evidence of record including the opinion of treating physician Dr. Supen Patel, consulting physician Dr. Temisa Etikerentse, vocational consultant Mr. Joel Leonard, the findings of the South Carolina Workers' Compensation Commission (SCWCC), and the opinion of vocational consultant Ms. Jean Hutchinson; and failed to carry her burden at step five of the sequential evaluation process. After careful review and consideration of the arguments presented, for the reasons set forth hereinbelow the undersigned is

---

[4]Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).



constrained to agree with the Plaintiff that the ALJ committed reversible error by failing to properly consider all of the opinion evidence, including the decision of the SCWCC, thereby requiring reversal of the decision with remand.

The record reflects that the SCWCC issued an order in May 2011, awarding the Plaintiff permanent, total disability payments as a result of her August 1, 2008 work accident. (R.pp. 207-236). The Fourth Circuit has held that "weight should be given to the findings of the [Workers' Compensation] Commission even though same is not determinative of the issue [of disability]." Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968); see also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343–44 (4th Cir. 2012)["under the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'"](citing SSR 06-03p, 2006 WL 2329939, at *6). Additionally, while Workers' Compensation opinions are not binding on the Commissioner, see Yost v. Barnhart, 79 F. App'x 553, 556 (4th Cir. 2003)["[A] state award of [Workers' Compensation] benefits does not bind [the SSA] in establishing proof of disability for DIB purposes."](citing 20 C.F.R. § 404.1504)[5], the ALJ should nonetheless "explain the consideration given to [a decision of disability by a governmental agency] in the notice of decision...." SSR 06-03p, 2006 WL 2329939, at *7; see also DeLoatche v. Heckler, 715 F.2d 148, 150 n. 1 (4th Cir. 1983)[While disability decisions by other governmental agencies are not binding in Social Security determinations because they are based on different standards, the decisions should

---

[5]20 C.F.R. § 404.1504 provides:

A decision by any ... governmental agency about whether you are disabled ... is based on its rules and is not our decision about whether you are disabled ....We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.



be considered]; cf. Jamiah v. Astrue, No. 09-1761, 2010 WL 1997886, at * 16 (N.D.Ga. May 27, 2010)[Noting the significance of a VA determination, and that the ALJ must state specifically the weight accorded each item of evidence and the reason for his decision].

      In her decision, however, the ALJ did not mention the SCWCC order and award, and it is therefore unclear whether she considered it at all. For its part, the Appeals Council merely noted that the ALJ should have considered the SCWCC decision, while then going on to state that the ALJ's hearing decision otherwise contained a detailed rationale for her findings with regard to the opinions of treating physician Dr. Patel, consultative examiner Dr. Etikerentse, the non-examining opinions of the state medical consultants,[6] and the non-medical source opinion of Mr. Leonard. (R.p. 8). However, based on the applicable rules and decisions, the SSA's failure to consider and evluate the SCWCC's order constitutes clear error. The SCWCC order concerns an award of permanent disability and covers the period of disability asserted in this action, and the SSA's own rules provide that a government agency's decision, and the evidence used to make the decision, "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by the[] agenc[y] based on [its] rules." SSR 06-03p, 2006 WL 2329939, at *7. As such, both the ALJ and Appeals Council decisions failure to explain the consideration (if any) given to the SCWCC decision requires remand. Cotter v. Harris, 642 F.2d 700, 705 (3rd Cir.1981) [listing cases

---

[6]However, although it may be that the ALJ's RFC determination is based in part on the opinions of the State agency physicians that Plaintiff had the RFC for at least a restricted range of light work (see R.p. 94-96, 107-109), the ALJ does not specifically discuss these opinions or specify what weight is given to them. Rather, she states only that "the undersigned has considered the findings of fact made by state agency medical consultants and other program physicians regarding the nature and severity of the claimant's physical impairment." (R.p. 41).

6



remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence].

Therefore, this case should be reversed and remanded so that the Commissioner may properly weigh the SCWCC's award of benefits in light of all the evidence.[7]  See Revis v. Astrue, Civ. Action No. 5:11-1017-RMG, 2012 WL 3612603, at * 2 [Case remanded to weigh the claimant's SCWCC order approving the settlement of a worker's compensation claim and to reconcile it with the supporting and competing evidence of record]; Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011)["Assessing the probative value of competing evidence is quintessentially the role of the fact finder", and the failure of the Commissioner to weigh all relevant evidence mandates remand].

With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim.  Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the

---

[7]Plaintiff also argues that the ALJ failed to consider the opinion of vocational consultant Hutchinson, who interviewed Plaintiff on September 30, 2010, at the request of Plaintiff's workers' compensation attorney.  In a report dated December 6, 2010, Ms. Hutchinson opined that based on the restrictions placed by Plaintiff's treating physician, Plaintiff was "unable to meet all the exertional requirement for sedentary work" and "concluded that [Plaintiff] is and remains unemployable." (R.pp. 311-316 [page six of this seven page report is not included in the record]). However, although this evidence was submitted to the Appeals Council (R.p. 13), it does not appear to have been submitted prior to the ALJ's decision. Even so, while acknowledging receipt of this evidence; (R.p. 8); it is unclear whether the Appeals Council considered this evidence in making its decision.



Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary.  See <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

        The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 24, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

